THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES DAVID HOBBS and** | ) | |
| **LYNN HOBBS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action** |
| **v.** | ) | |
| | ) | **File No. _____** |
| **LAKEWOOD PATHOLOGY** | ) | |
| **ASSOCIATES, INC. d/b/a** | ) | |
| **PLUS DIAGNOSTICS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COME NOW Plaintiffs James David Hobbs ("Mr. Hobbs") and Lynn

Hobbs ("Mrs. Hobbs") (collectively hereinafter "Plaintiffs") and file this their

Complaint against Lakewood Pathology Associates, Inc. d/b/a PLUS Diagnostics

("Defendant") as follows:

## PARTIES AND JURISDICTION

1.

Plaintiffs are residents of Georgia and are subject to the jurisdiction of this

Court.

2.

Defendant is a corporation with its principal corporate offices in New

Jersey and is not a resident of the State of Georgia. Defendant is a resident of a state other than Georgia. Defendant may be served with Summons and Complaint at its registered agent, CT Corporation System, 1201 Peachtree Street, Atlanta, Fulton County, Georgia 30361.

3.

The amount in controversy in this action exceeds the sum of $75,000.00.

4.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.

The Defendant is subject to personal jurisdiction in this Court.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## **FACTS**

7.

On or about September 1, 2009, Mr. Hobbs presented to urologist Dr. Joan E. Hader ("Dr. Hader") in Atlanta, Georgia for a transrectal ultrasound guided biopsy of the prostate for an elevated Prostate Specific Antigen test.

8.

Dr. Hader sent Mr. Hobbs' prostate tissue obtained from the biopsy to Defendant to obtain a Prostate Pathology Report.

9.

The Defendant holds itself out as specialists in Genitourinary Pathology, which includes pathology of the prostate.

10.

The Defendant tasked Dr. John C. Hiserodt ("Hiserodt"), a pathologist, with the preparation of the PLUS Diagnostics Prostate Pathology Report.

11.

The Defendant tasked Dr. Thomas J. Cooper ("Cooper"), a pathologist, with the review of the PLUS Diagnostics Prostate Pathology Report prepared by Hiserodt.

12.

At all times relevant to this Complaint, Dr. Hiserodt was the actual or apparent agent of the Defendant.

13.

At all times relevant to this Complaint, Dr. Cooper was the actual or apparent agent of the Defendant.

14.

The PLUS Diagnostics Prostate Pathology Report prepared by Defendant's

agent Hiserodt on September 2, 2009, contains a "Final Diagnosis" of

Adenocarcinoma of the prostate.

15.

The PLUS Diagnostics Prostate Pathology Report prepared by Defendant's

agent Hiserodt contains a statement that the diagnosis of Adenocarcinoma was

reviewed and confirmed by Dr. Cooper.

16.

On or about September 22, 2009, Dr. Hader met with Mr. and Mrs. Hobbs

for cancer consultation.

17.

Dr. Hader relayed the contents of the PLUS Diagnostics Prostate Pathology

Report to Mr. and Mrs. Hobbs.

18.

On or about November 30, 2009, Mr. Hobbs underwent a Radical

Retropubic Prostatectomy (the "Surgery") at Saint Joseph's Hospital to remove

his entire prostate.

19.

The Pathology Department at Saint Joseph's Hospital analyzed the prostate removed from Mr. Hobbs and found no evidence of cancer.

20.

The Pathology Department at Saint Joseph's Hospital sent tissue specimens to Johns Hopkins Medical Laboratories for a second opinion.

21.

The Johns Hopkins Medical Laboratories analyzed the tissue specimens from Mr. Hobbs and found no evidence of cancer.

22.

Upon learning that no cancer was found in the surgical pathology of Mr. Hobbs, Dr. Hader requested that the Defendant deliver the biopsy slides so that she could have them reviewed by a different pathologist.

23.

Dr. Adnan Savera, a pathologist specializing in Genitourinary pathology, was asked to analyze the biopsy slides and make his own report.

24.

On December 4, 2009, Dr. Savera issued a report stating that the section of

the prostate reported to be cancerous by Hiserodt and Cooper was "quantitatively and qualitatively insufficient for an unequivocal diagnosis."

25.

The Defendant terminated its relationship with Hiserodt and Cooper after the issuance of Dr. Savera's report.

26.

Subsequent to the issuance of Dr. Savera's report, the Defendant hired Dr. Savera as its National Director of Genitourinary Pathology.

27.

As no cancer was ever found on surgical pathology and the biopsy pathology was qualitatively and quantitatively insufficient for an unequivocal diagnosis, the Surgery was unnecessary.

28.

As a result of the Surgery, Mr. Hobbs has suffered complications including, but not limited to, incontinence and sexual dysfunction.

## COUNT ONE

## PROFESSIONAL NEGLIGENCE

29.

On or about September 2, 2009, a doctor-patient relationship existed

between Mr. Hobbs and Dr. Hiserodt.

30.

On or about September 2, 2009, a doctor-patient relationship existed between Mr. Hobbs and Dr. Cooper.

31.

As such, Dr. Hiserodt and Dr. Cooper owed Mr. Hobbs a duty of care defined by Georgia law.

32.

Dr. Hiserodt and Dr. Cooper breached their respective duties of care to Mr. Hobbs.

33.

As a result of aforementioned breaches of duties of care, Mr. Hobbs suffered and continues to suffer permanent damages.

34.

As principal to its actual or apparent agents, the Defendant is liable for the damages due to the principles of vicarious liability and/or respondeat superior.

## COUNT TWO

## NEGLIGENT HIRING AND RETENTION

### 35.

The Plaintiffs incorporate by reference Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

### 36.

The Defendant engaged the services of Dr. Hiserodt to prepare Prostate Pathology Reports such as the one prepared for Mr. Hobbs.

### 37.

A background check of Dr. Hiserodt properly conducted would have revealed that he was unreliable for this type of work.

### 38.

No background check was properly conducted.

### 39.

A properly conducted background check would have revealed, among other things, that Dr. Hiserodt was debarred for a period of years from receiving federal grant money as it was determined that he egregiously engaged in a pattern of willful dishonesty and falsification of scientific data in an attempt to receive more than $1,000,000.00 in federal funds.

40.

The Defendant owed a duty to foreseeable plaintiffs such as Mr. and Mrs. Hobbs to engage reliable pathologists to prepare reports such as the PLUS Diagnostics Prostate Pathology Report prepared for Mr. Hobbs.

41.

The engagement of Dr. Hiserodt by the Defendant to prepare Prostate Pathology Reports such as the one prepared for Mr. Hobbs was negligent.

42.

The negligence of the Defendant in engaging Dr. Hiserodt to prepare the PLUS Diagnostics Prostate Pathology Report of Mr. Hobbs was the proximate cause of the unnecessary Surgery and other damages to the Plaintiffs.

43.

The Defendant is liable for the permanent damages suffered by the Plaintiffs due to its negligence.

## COUNT THREE

## LOSS OF CONSORTIUM

44.

The Plaintiffs incorporate by reference Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

9

45.

Plaintiff Lynn Hobbs is married to James David Hobbs and has been married to him for more than 29 years.

46.

As a result of the negligence of the Defendant and its agents, Mr. Hobbs suffered permanent injuries.

47.

Mr. Hobbs' injuries have caused injury to the enjoyment by Mrs. Hobbs of the company, society, cooperation, affection and aid provided by her husband.

48.

The Defendant is liable for the permanent damages suffered by Mrs. Hobbs for her lost consortium.

WHEREFORE the Plaintiffs pray as follows:

(a) that Summons and Process issue requiring Defendant to be served as required by law and requiring Defendant to answer this Complaint;

(b) that Plaintiffs have a trial by jury of all issues in this action;

(c) that Judgment be entered against the Defendant;

(d) that Plaintiffs have and recover from the Defendant general damages in an amount determined by the enlightened conscience of a fair and impartial jury;

(e) that Plaintiffs have and recover from the Defendant special damages including but not limited to medical expenses and lost wages; and,

(f) that Plaintiffs have such other relief as this Court deems just and proper.

Respectfully submitted,

**JEAN E. JOHNSON, JR., P.C.**

s/ Jean E. Johnson, Jr.
Jean E. Johnson, Jr.
Georgia Bar No. 394700
Attorney for Plaintiff

305 Lawrence Street
Marietta, Georgia  30060
(770) 427-8466
Fax (770) 499-2009
jjohnson@jejpc.com

**BULLOCK LAW FIRM, P.C.**

s/  Willard T. Bullock
Willard T. Bullock
Georgia Bar No. 094598
Attorney for Plaintiff

305 Lawrence Street
Marietta, Georgia  30060
(770) 218-1814
Fax (770) 499-2009
wbullock@bullocklawfirmpc.com